UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| Appeal Number | 22-1409 |
|---|---|
| Case Name | Menocal, et al. v. The GEO Group, Inc. |
| Party or Parties Filing Notice of Appeal Or Petition | The GEO Group, Inc. |
| Appellee(s) or Respondent(s) | ALEJANDRO MENOCAL, MARCOS BRAMBILA, GRISEL XAHUENTITLA, HUGO HERNANDEZ, LOURDES ARGUETA, JESUS GAYTAN, OLGA ALEXAKLINA, DAGOBERTO VIZGUERRA, and DEMETRIO VALERGA, on their own behalf and on behalf of all others similarly situated |
| List all prior or related appeals in this court with appropriate citation(s). | None |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

**A.     APPEAL FROM DISTRICT COURT**

1. Date final judgment or order to be reviewed was **entered** on the district court docket: October 18, 2022

2. Date notice of appeal was **filed**: November 17, 2022

3. State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days. Fed. R. App. P. 4(a)(1)(A)

- a. Was the United States or an officer or an agency of the United States a party below? No

- b. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

- a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

    None

- b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

    None

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. No

    **(If your answer to Question 5 is no, please answer the following questions in this section.)**

- a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

    No

- b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? No

- c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? The order at issue is appealable under the collateral order doctrine. *See, e.g., Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546 (1949).

6. Cross Appeals.

- a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

    N/A

      **b.**    If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). N/A

**B.**   **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.**    Date of the order to be reviewed: N/A

    **2.**    Date petition for review was filed: N/A

    **3.**    Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: N/A

    **4.**    Specify the time limit for filing the petition (cite specific statutory section or other authority): N/A

**C.**   **APPEAL OF TAX COURT DECISION**

    **1.**    Date of entry of decision appealed: N/A

    **2.**    Date notice of appeal was filed: N/A
        (If notice was filed by mail, attach proof of postmark.)

    **3.**    State the time limit for filing notice of appeal (cite specific statutory section or other authority): N/A

    **4.**    Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) N/A

**II.**   **ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

  **A.**    Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? No

  **B.**    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? 

  **C.**    Describe the sentence imposed.

    **D.**    Was the sentence imposed after a plea of guilty? _____

    **E.**    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

    **F.**    Is the defendant on probation or at liberty pending appeal? _____

    **G.**    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

    **NOTE**:    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

### III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

The underlying case concerns appellant The GEO Group, Inc.'s ("GEO's") operation of the Aurora ICE Processing Center ("AIPC"), pursuant to contracts with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). Plaintiffs claim that GEO's operation of a Voluntary Work Program ("VWP"), mandated by its contracts with ICE, resulted in GEO's unjust enrichment because detainee participants in the VWP received an allowance of $1.00 per day, which detainee participants agreed in writing to receive. Plaintiffs also claim that GEO's development and enforcement of personal housekeeping requirements, mandated by and implemented in accordance with its contracts with ICE, constituted forced labor in violation of 18 U.S.C. § 1589.

The merits of those claims, however, are not before this Court. Instead, GEO appeals an order in which the district court denied its motion for summary judgment based on derivative sovereign immunity and granted Plaintiff's motion for final judgment on the same. *See generally Yearsley v. W.A. Ross Const. Co.*, 309 U.S. 18 (1940). That holding reflects the district court's application of an erroneous legal standard, misapprehension of uncontested facts, and the resulting mistaken conclusion that GEO is not immune from suit for actions that were authorized and directed by its contracts with a federal agency.

Correcting the mistaken denial of derivative sovereign immunity will terminate this litigation. As a result, this Court has jurisdiction to hear the case under the collateral order doctrine. The Supreme Court has "stressed the importance of resolving immunity questions

at the earliest possible stage of litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). It has therefore applied the collateral order doctrine to various forms of immunity, including government officials' claims of absolute immunity. *Nixon v. Fitzgerald*, 457 U.S. 731 (1982). Derivative sovereign immunity deserves the same immediate review, lest contractors lose the benefit of immunity from suit. *See, e.g.*, *ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4th 489, 497–98 (6th Cir. 2022).

IV. **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

1. Whether this Court has jurisdiction under the collateral order doctrine.

2. Whether the district court erred in limiting derivative sovereign immunity under *Yearsley v. W. A. Ross Constr. Co.*, 309 U.S. 18 (1940), and *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016), to instances in which a contractor's actions were specifically "required by its contractual obligations" and the contractor had no "discretion."

3. Whether the application of the proper legal standard for derivative sovereign immunity to the undisputed facts entitled GEO to summary judgment on Plaintiff's claims for unjust enrichment and forced labor in violation of 18 U.S.C. §1589.

V. **ATTORNEY FILING DOCKETING STATEMENT:**

Name: Dominic E. Draye        Telephone: (202) 331-3168
Firm: Greenberg Traurig LLP
Email Address: drayed@gtlaw.com
Address: 2101 L Street NW
         Washington, DC 20037

s/ Dominic E. Draye                           November 30, 2022
Signature                                     Date

## CERTIFICATE OF SERVICE

I, Dominic E. Draye, hereby certify that on November 30, 2022, I served a copy of the foregoing **Docketing Statement** upon all counsel of record via CM/ECF e-service and email, as follows:

Robert Andrew Free
R. Andrew Free Law Office
414 Union Street, Suite 900
Nashville, TN 37209
andrew@immigrantcivilrights.com

Alexander Hood
Juno Turner
Towards Justice
PO Box 371680
Pmb 44465
Denver, CO 80237-5680
alex@towardsjustice.org
juno@towardsjustice.org

David Lopez
Outten & Golden
601 Massachusetts Avenue NW
2nd Floor West Suite
Washington, DC 20001
pdl@outtengolden.com

Hans Meyer
Meyer Law Office
901 West 10th Avenue, Suite 2A
Denver, CO 80204
hans@themeyerlawoffice.com

Brandt Milstein
Andrew Hess Turner
Milstein Turner
1490 Lafayette Street, Suite 304
Denver, CO 80218
brandt@milsteinturner.com
andrew@milsteinturner.com

*Attorneys for Appellees*

| | |
|---|---|
| <u>November 30, 2022</u> | <u>*/s/ Dominic E. Draye*</u> |
| Date | GREENBERG TRAURIG, LLP |
| | 2101 L Street NW |
| | Washington, DC 20037 |
| | *Attorneys for Appellant* |