**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 27, 2023**

_____

**Christopher M. Wolpert**
**Clerk of Court**

ALEJANDRO MENOCAL, et al.,

Plaintiffs - Appellees,

v.

THE GEO GROUP, INC.,

Defendant - Appellant.

No. 22-1409
(D.C. No. 1:14-CV-02887-JLK-MEH)
(D. Colo.)

_____

### ORDER

_____

This matter is before the court on *Plaintiffs-Appellees' Motion to File a Provisionally Sealed Volume of the Supplemental Appendix* ("Motion"). In the Motion, Appellees ask the court to provisionally seal Volume 3 of their supplemental appendix, which contains materials that were filed under seal in the district court pursuant to a protective order. Appellees state, however, that they do not believe that any of the materials that comprise Volume 3 need to remain sealed on appeal.

This court takes seriously the question of whether sealing is warranted in any particular case, even when the documents at issue were filed under seal in the district court. "A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records....  To do so, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."

*Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1135-36 (10th Cir. 2011) (quotation marks and citations omitted).

Within ten days of the date of this order, any party who seeks the continued sealing of any of the materials that comprise Volume 3 of the supplemental appendix shall file a response to this order in compliance with Tenth Circuit Rule 25.6. Any such response shall set forth in detail (1) the basis for the requested sealing, with reference to the specific nature of the material sought to be protected from public disclosure; (2) the legal basis for depriving the public of access to the materials at issue, with reference to this court's precedent; and (3) the reasons why redaction is not practicable means of providing public access to as much of the record material as possible. Any party who does not file a timely response to this order will be deemed to acquiesce in the unsealing of Volume 3 of the supplemental appendix.

Entered for the Court,

CHRISTOPHER M. WOLPERT, Clerk