

Dominic E. Draye
Tel 202.331.3168
drayed@gtlaw.com

May 25, 2023

Christopher M. Wolpert
Clerk of the Court
U.S. Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

Re:   *Menocal v. The GEO Group, Inc.*, No. 22-1409
      Response to Notice of Supplemental Authority Fed. R. App. P. 28(j)

Dear Mr. Wolpert:

On May 18, 2023, Plaintiffs-Appellees called the Court's attention to *Morales-Posada v. Cultural Care, Inc.*, a First Circuit decision that bears only superficial resemblance to the current case.

Regarding collateral-order jurisdiction, the First Circuit accurately noted the circuit split that GEO has acknowledged (and Plaintiffs ignore). *Morales-Posada* at 16 & n.5; MTD Opp'n 14-16; Reply Br. 3-4.  But the First Circuit avoided taking sides in that split by jumping directly to the merits—an approach that no party has advocated here but generally supports immediate appellate review.

On the merits, *Morales-Posada* appears at first blush to resemble Plaintiffs' unjust enrichment claim for the period after May 2013 because the government did not expressly forbid greater compensation for the plaintiff class members.  However, the unusual context led to a jumbled recitation of the law governing DSI and the role of contractor discretion.  The First Circuit cited the Ninth Circuit's erroneous zero-discretion standard, 25 (citing *Cabalce* and *In re Hanford*), in the same paragraph with the Fifth Circuit's antipodal holding in *Taylor Energy*.  *Id.; see* Opening Br. 24-26; Reply 10-11.

Christopher M. Wolpert
May 25, 2023
Page 2

Under any standard, the First Circuit's examination of "authorized and directed" in *Morales-Posada* reflects radically inapposite facts. First, the "contractor" did not actually have a contract. *Morales-Posada* at 14. That eliminates a major source of government direction and, combined with the lack of a "common-law agency relationship," *id.*, might itself be enough to foreclose DSI. Second, the relevant agency had not promulgated regulations directing the conduct at issue, unlike the many regulations and standards at issue here, including the National Detention Standards. Third, the government did not review and approve the defendant's actions in *Morales-Posada*. *Id.* at 30. That contrasts with the government's review and approval of GEO's local supplement to the National Detainee Handbook. Opening Br. 37-42; Reply 20. Fourth, *Morales-Posada* did not involve a federal statute expressing a policy of using contractors where possible. *Cf.* 8 U.S.C. § 1231(g)(2).

The First Circuit's conclusion that the government did not authorize and direct the defendant's actions in *Morales-Posada* only highlights the government's extensive and detailed direction of GEO's conduct in this case.

Respectfully submitted,

Dominic E. Draye
*Counsel for Defendant-Appellee*
*The GEO Group, Inc.*