

Dominic E. Draye
Tel 202.331.3168
drayed@gtlaw.com

September 13, 2023

Christopher M. Wolpert
Clerk of the Court
U.S. Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

Re:   *Menocal v. The GEO Group, Inc.*, No. 22-1409
      Response to Notice of Supplemental Authority Fed. R. App. P. 28(j)

Dear Mr. Wolpert:

Plaintiffs-Appellees have filed another 28(j) letter that has no bearing on this case. This time, they seize on a case in the District of Columbia Court of Appeals that ***did not involve a contract***, and in which the State Department ***expressly disclaimed*** the disputed action: "This travel is not required under the terms of the project, but is undertaken at the organization's and traveler's own risk." *Zakka v. Palladium Int'l, LLC*, 298 A.3d 319, 323 (D.C. App. 2023). Under these circumstances, it is unsurprising that the court found a genuine dispute of material fact whether the government authorized and directed the travel in question.

As the term "contractor" suggests, a contract is the most direct tool by which the government "authorizes and directs" contractors' actions. In GEO's case, the contract incorporated the PBNDS documents and the National Detainee Handbook, which set forth rules for housekeeping and the Voluntary Work Program. *E.g.*, App. Vol. I at 203, 215-16. *Zakka*, on the other hand, involved only "a federal financial assistance award"—a grant to assist the recipient's course of action rather than directing it. 298 A.3d at 321.

*Zakka*'s view that DSI is a "defense" is both mistaken and irrelevant to the collateral-order question before this Court. For starters, *Zakka* was not an interlocutory appeal. Additionally, it was in state court, where 28 U.S.C. 1291

Christopher M. Wolpert
September 13, 2023
Page 2

does not apply. Finally, *Zakka* considered the issue in the context of selecting a standard of review (which apparently differs in DC between 12(b)(1), 12(b)(6), and summary judgment). 298 A.3d at 329. It never mentioned the Supreme Court's characterization of federal "'derivative sovereign immunity' *i.e.,* the blanket immunity enjoyed by the sovereign," including "immunity from suit." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 166, 172 (2016).

Plaintiffs have filed 28(j) letters for both recent cases citing the Ninth Circuit's decision in *Cabalce*. Neither of them even involved a contract with the government. But Plaintiffs' need to legitimize *Cabalce* confirms how completely they and the district court depend on that case's "no discretion" standard. App. Vol. III at 748; AB 35 ("the Ninth Circuit has it exactly right").

Respectfully submitted,

Dominic E. Draye
*Counsel for Defendant-Appellee*
*The GEO Group, Inc.*