

Dominic E. Draye
Tel 202.331.3168
drayed@gtlaw.com

September 20, 2023

Christopher M. Wolpert
Clerk of the Court
U.S. Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

Re:   *Menocal v. The GEO Group, Inc.*, No. 22-1409
      Response to Judge McHugh's question re argument in the district court

Dear Mr. Wolpert:

At oral argument, Judge McHugh asked Plaintiffs' counsel whether GEO "argued only immunity from damages, and never argued immunity from suit?" Arg. 2:55:07–2:55:17. Plaintiffs' counsel offered to submit a letter, Arg. at 2:55:18, which strikes GEO as a good idea, too.

GEO has consistently argued its immunity from suit under the doctrine of derivative sovereign immunity, as traced in *Yearsley*, *Campbell-Ewald*, and the majority of circuit courts. For starters, invoking DSI in circumstances where the government would be immune from suit is necessarily an assertion that the defendant is also immune from suit. *ACT v. Worldwide Interactive Network,* 46 F.4th 489, 497 (6th Cir. 2022); *Filarsky v. Delia*, 566 U.S. 377, 391 (2012) (contractor enjoys "the same immunity").

Additionally, GEO made that argument explicit in its motion for summary judgment: "GEO is ***immune from suit*** on the basis of derivative sovereign immunity." APP. Vol.II 319 (emphasis added). GEO's argument relied on *Cunningham*, which its motion accurately characterized as holding that a contractor "was ***immune from suit*** under the principle of DSI." APP. Vol.II at 307 (emphasis added); *Cunningham*, 888 F.3d at 650 (DSI is "a ***jurisdictional bar to suit*** and ***not*** as a merits defense to liability" (emphasis added)). The district court correctly understood GEO's position, even though

it disagreed that GEO "is immune from suit." APP. Vol.III 742 n.15 (rejecting Plaintiffs' argument, made "in passing," that DSI is an affirmative defense rather than a bar to suit; citing *Cunningham*). Everyone in the proceedings below understood what GEO was arguing.

This Court should join the circuits that recognize denials of DSI as appealable collateral orders—whether the government's immunity is based on the Constitution (*ACT*), statute (*World Trade Center*), or common law (*McMahon*). MTD Opp. 10–16; Reply Br. 3–7. "When a district court has denied a defendant's claim of right not to stand trial . . . we have consistently held the court's decision appealable, for such a right cannot be effectively vindicated after the trial has occurred." *Mitchell v. Forsythe*, 472 U.S. 511, 525 (1985); *accord Chavez v. Singer*, 698 F.2d 420, 421 (10th Cir. 1983).

Respectfully submitted,

Dominic E. Draye
*Counsel for Defendant-Appellee*
*The GEO Group, Inc.*