# Gupta / Wessler     *Issues & Appeals*

September 21, 2023

Christopher M. Wolpert
Clerk of the Court
U.S. Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

Re:   *Menocal v. The GEO Group, Inc.*, No. 22-1409
      Response to GEO's September 20, 2023 letter

Dear Mr. Wolpert:

We write to respond to GEO's recent letter, as well as Judge McHugh's question about whether GEO argued below that it is immune from suit. For at least five years, it did not. Initially, the company moved to dismiss the complaint on the merits—relying on the same documents it now claims entitle it to the *Yearsley* defense. Dkts. 11, 18 (citing GEO's contract with ICE, its sanitation policy, and the PBNDS). In its reply brief, GEO also asserted a "government contractor defense," but it did not claim that defense rendered it immune from suit. Dkt. 18. And when GEO answered the complaint, it did not plead the *Yearsley* defense or assert any immunity from suit. App. 46-48. It then litigated the case through class certification, an interlocutory appeal, and discovery, still without ever claiming immunity from suit.

Even when GEO finally asked the court to consider a *Yearsley* defense—five and a half years into this case—it did not clearly make the argument it advances on appeal. Although GEO briefly stated that it was "immune from suit," it repeatedly characterized *Yearsley* as a defense to liability. Dkt. 284 at 4, 14, 16, 22 (repeating "DSI shields GEO from liability").

That's because it *is* a defense to liability. Contrary to GEO's assertion at argument (at 1:54), *Yearsley* doesn't mention immunity. In fact, the contractor couldn't have been derivatively immune, as GEO claims, because the United States itself wasn't immune: As the Court explained, the United States *could* be sued on Takings Clause claims. *Yearsley v. W.A. Ross Const. Co.*, 309 U.S. 18, 22 (1940). And *Yearsley* repeatedly describes the contractor's defense as a defense from "liability"—never an immunity from suit. *Id.* at 21-23.

In any event, "[i]t is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest that counts." *Will v. Hallock*, 546 U.S. 345, 346

Gupta Wessler PLLC
2001 K Street, NW, Suite 850 North, Washington, DC 20006
P 202 888 1741    F 202 888 7792
guptawessler.com

 *Issues & Appeals*

(2006). GEO hasn't identified any public interest that will be imperiled if ordinary jurisdictional rules apply to *Yearsley* appeals—let alone demonstrated that they are "completely separate from the merits." *Id.* at 349.

                                                         Respectfully submitted,

                                                         */s/ Jennifer D. Bennett*
                                                         Jennifer D. Bennett

                                                         *Counsel for Plaintiffs-Appellees*