Gupta / Wessler    *Issues & Appeals*

May 2, 2024

Christopher M. Wolpert
Clerk of the Court
U.S. Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

Re:   *Menocal v. The GEO Group, Inc.*, No. 22-1409
      Response to GEO's Notice of Supplemental Authority re. *Berman v. Pennsylvania Higher Education Assistance Agency*, 2024 WL 1615016 (4th Cir. Apr. 15 2024) under Fed. R. App. P. 28(j)

Dear Mr. Wolpert:

To start, *Berman* does nothing to undermine the consensus that orders denying the *Yearsley* defense may not be appealed until after final judgment. Resp. Br. 28. GEO argues that the unpublished decision "cements" the Fourth Circuit's view that the defense is a "jurisdictional immunity from suit"—a view that conflicts with the decisions of several other circuits. *See id.* at 23-24 (explaining that *Yearsley* is an affirmative defense, not an immunity from suit). But even the Fourth Circuit, despite its misunderstanding of *Yearsley*, "ha[s] never held" that a *Yearsley* order "is immediately reviewable." *Al Shimari v. CACI Premier Tech., Inc.*, 775 F. App'x 758, 760 (4th Cir. 2019). That's because the Supreme Court has made clear that not all defenses that provide immunity from suit may be immediately appealed. *Will v. Hallock*, 546 U.S. 345, 352-53 (2006). The collateral order doctrine applies only where trial "would imperil a substantial public interest." *Id.* at 353. As the government itself has explained, there is no such interest in the *Yearsley* defense. *See* Statement of the United States at 12-13, *Al Shimari*, No. 19-648 (U.S. Aug. 26, 2020); Resp. Br. 24-26.

If this Court were to reach the merits anyway, *Berman* only reinforces that the *Yearsley* defense is inapplicable here. As GEO emphasizes, in *Berman*, the government itself was the "villain." 2024 WL 1615016, at *3. The plaintiff sued a government contractor for giving him conflicting decisions about whether his employer qualified for federal loan forgiveness. *Id.* at *1. But the federal government itself had made those decisions and mandated that the contractor communicate them to the plaintiff. *Id.* at *2. The contractor had no choice. *See id.*

Here, on the other hand, the forced-sanitation program is a "GEO policy, created by GEO," not a "requirement of the contract." Supp. App. Vol. 1 at 73. Same with

 *Issues & Appeals*

GEO's $1-a-day policy. Resp. Br. at 48-51. Unlike in *Berman*, ICE didn't mandate either policy—whether by contract, email, or anything else. *Id.* at 45-46 & nn.12-13, 48-49. So unlike in *Berman,* it is GEO, not the government, that is the "villain in this story."

Respectfully submitted,

*/s/ Jennifer D. Bennett*
Jennifer D. Bennett

*Counsel for Plaintiffs-Appellees*

Gupta Wessler LLP
505 Montgomery Street, Suite 625, San Francisco, CA 94111
P 415 573 0226
guptawessler.com