GUPTA / Wessler          *Issues & Appeals*

June 3, 2024

Christopher M. Wolpert
Clerk of the Court
U.S. Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

Re:   *Menocal v. The GEO Group, Inc.*, No. 22-1409
      Response to GEO's May 31, 2024 letter re. *Gay v. A.O. Smith Corp.*, 2024 WL 2558735 (3d Cir. May 24, 2024)

Dear Mr. Wolpert:

The short, unpublished decision in *Gay* offers little support for GEO's claim that a contractor cannot be held liable for its own unlawful choices. The "undisputed facts" demonstrated that the "contractor lack[ed] discretion." 2024 WL 2558735 at *4. That's what distinguishes *Gay* from other circuits' cases holding that contractors *may* be held liable for failing to warn of asbestos. *See, e.g.*, *In re J. E. and S. Dist. N.Y. Asbestos Litig.*, 897 F.2d 626, 630-31 (2d Cir. 1990); *Dorse v. Eagle-Picher Indus.*, 898 F.2d 1487, 1489-90 (11th Cir. 1990).

Contrary to GEO's contention, the Supreme Court and every circuit that has published a decision on the issue have held that a contractor cannot escape liability for its own unlawful choices. *See Brady v. Roosevelt S.S. Co.*, 317 U.S. 575, 583-84 (1943); *Posada v. Cultural Care, Inc.*, 66 F.4th 348, 359 (1st Cir. 2023); *Cabalce v. Thomas E. Blanchard & Assocs.*, 797 F.3d 720, 732 (9th Cir. 2015); *In re KBR, Inc., Burn Pit Litig.*, 744 F.3d 326, 346 (4th Cir. 2014); *Broidy Cap. Mgmt. LLC v. Muzin*, 12 F.4th 789, 803 (D.C. Cir. 2021); *Badilla v. Midwest Air Traffic Control Serv., Inc.*, 8 F.4th 105, 125 (2d Cir. 2021); *In re Katrina Canal Breaches Litig.*, 620 F.3d 455, 463 (5th Cir. 2010); Response Br. 29-35; *see also* 9 A.L.R.3d 382 (1966) (detailing long history of courts consistently holding that contractors are shielded from liability only for harm "*necessarily*" caused by executing government orders, and remain liable for their own choices (emphasis added)). Ambiguous dicta aside, *Gay*'s actual holding accords with this consensus.

As this Court has explained, *Yearsley* provides a defense for "executing [the government's] will." *Helfrich v. Blue Cross & Blue Shield Ass'n*, 804 F.3d 1090, 1096 (10th Cir. 2015). It doesn't allow contractors to escape liability for their own decisions to violate the law. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 n.6 (2001) (detention contractors are shielded from liability only "[w]here the government has directed a contractor to do the

Gupta / Wessler    *Issues & Appeals*

very thing that is the subject of the claim").

        Respectfully submitted,

        */s/ Jennifer D. Bennett*
        Jennifer D. Bennett

        *Counsel for Plaintiffs-Appellees*

Gupta Wessler LLP
2001 K Street, NW, Suite 850 North, Washington, DC 20006
P 202 888 1741    F 202 888 7792
guptawessler.com