**No. 22-01409**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

Alejandro Menocal, *et al.,*

*Plaintiffs-Appellees,*

— v. —

The GEO Group, Inc.,

*Defendant-Appellant.*

On appeal from the United States District Court
for the District of Colorado,
No. 1:14-cv-02887 (Hon. John L. Kane)

## MOTION TO ISSUE MANDATE AND RETAIN JURISDICTION

| | |
|---|---|
| Scott Schipma | Dominic E. Draye |
| THE GEO GROUP, INC. | GREENBERG TRAURIG, LLP |
| 4955 Technology Way | 2375 East Camelback Road |
| Boca Raton, FL  33431 | Phoenix, AZ 85016 |
| (561) 999-7615 | (602) 445-8425 |
| scott.schipma@geogroup.com | drayed@gtlaw.com |
| | *Attorneys for Defendant-Appellant* |

## **INTRODUCTION**

Appellant The GEO Group, Inc. ("GEO") respectfully moves this Court to issue the mandate in the above-captioned matter and for the current panel to retain jurisdiction in any subsequent appeal in the interests of judicial economy. An additional appeal is likely in the coming months based on a pair of motions that GEO intends to file. The first is for summary judgment based on qualified immunity, which Justice Alito's concurring opinion noted permits the collateral-order appeal that GEO previously sought under the *Yearsley* doctrine. *Geo Group, Inc. v. Menocal*, 146 S. Ct. 774, 787 (2026) (Alito, J., concurring). GEO further intends to move the district court for interlocutory appeal under 28 U.S.C. § 1292(b), asking the following question: whether a government contractor can be held liable when it acts within the scope of authority validly conferred by the federal government, even if the contractor exercises discretion in implementing that authority. This second motion concerns the scope of derivative sovereign immunity, as canonically articulated in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940). The parties have already briefed this issue in their prior papers, and no further briefing is necessary, apart from noting that an additional circuit has rejected the test employed in the district court below.

1

## BACKGROUND

GEO contracts with United States Immigration and Customs Enforcement ("ICE") to provide detention services to the federal government in facilities throughout the country. Plaintiffs represent all persons detained in the Aurora Immigration Processing Center from October 22, 2004, to October 22, 2014. Plaintiffs challenge two federal policies GEO implements pursuant to its contract with ICE. At summary judgment, GEO asserted that derivative sovereign immunity under *Yearsley* barred both claims. The district court disagreed. It held that GEO was not entitled to immunity because it had some discretion in implementing both policies. GEO immediately appealed to this Court under 28 U.S.C. § 1291.

On appeal, Plaintiffs filed a motion to dismiss, arguing that GEO's appeal was premature because derivative sovereign immunity is a defense to liability that requires a final judgment—*i.e.,* not an immunity from suit for which immediate appeal is available. Rather than rule on that motion, this Court carried it with the case and instructed the parties to fully brief the merits of GEO's appeal. On the merits, GEO explained that the district court expressly adopted the Ninth Circuit's standard from *Cabalce v. Thomas E. Blanchard & Associates*, 797 F.3d 720, 732 (9th Cir. 2015), but that a circuit split has emerged on this question, with a number of recent decisions in other circuits rejecting *Cabalce*. *Gay v. A.O. Smith Corp.*, No. 23-2078, 2024 WL 2558735 (3d Cir. May 24, 2024); *Taylor Energy Co., L.L.C. v.*

*Luttrell*, 3 F.4th 172 (5th Cir. 2021); *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640 (4th Cir. 2018). The distinction between the two sides of that split is whether contractors lose the benefits of *Yearsley* if they exercise any discretion in the performance of their work. The parties fully briefed and argued that issue, but the Court eventually concluded that it lacked jurisdiction under the collateral-order doctrine. GEO timely filed a petition for writ of certiorari.

The Supreme Court granted certiorari on the jurisdictional question and held that a district court order denying derivative sovereign immunity was not appealable before a final judgment. *Menocal*, 146 S. Ct. at 786. Justice Alito penned a concurrence on the difference between the *Yearsley* defense and qualified immunity available to government contractors under *Filarsky v. Delia*, 566 U.S. 377 (2012). *Menocal*, 146 S. Ct. at 787 (Alito, J., concurring). In that concurrence, Justice Alito explained that the protections GEO sought were available in *Filarsky*'s grant of qualified immunity. Indeed, because qualified immunity "already vindicates the public interest in avoiding overdeterrence, timidity, and distraction among contractors, there is no overriding interest in also allowing immediate appeals of orders denying *Yearsley*'s more modest protections." *Id.* at 792.

The Supreme Court published its opinion on February 25, 2026. It transmitted its judgment on March 30, 2026. This Court immediately recalled its mandate and reassumed jurisdiction. It has not yet issued a new mandate.

3

## <u>ARGUMENT</u>

A notice of appeal divests the district court of "jurisdiction over matters involved in the appeal." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). During an appeal, the district court's role is limited to preserving "the status quo until [a] decision by the appellate court." *Universitas Educ., LLC v. Avon Cap., LLC.*, 124 F.4th 1231, 1242 (10th Cir. 2024). Preserving the status quo includes "the authority to manage ongoing supervisory orders or enter or modify temporary or preliminary injunctions." *Id.* It does not include the consideration of pending motions. *See Burke v. Utah Transit Auth. & Loc. 382*, 462 F.3d 1253, 1264 (10th Cir. 2006) (concluding a district court lacked jurisdiction to act on a motion to amend under Rule 15(a) of the Federal Rules of Civil Procedure). The ability to consider pending motions does not return until the district court receives the appellate court's mandate. *Universitas Educ., LLC*, 124 F.4th at 1238 n.1 ("A mandate is both a superior court's instructions to a lower court and a jurisdictional event by which jurisdiction transfers from the superior court back to the lower court.").

After the Supreme Court published its opinion, but before it issued a mandate under U.S. Sup. Ct. R. 45, the district court ordered GEO and Plaintiffs to prepare for a pretrial conference on May 6, 2026. *Menocal v. The Geo Grp. Inc.*, 1:14-cv-02887-JLK-CYC (D. Colo.) (Doc. 441). That deadline remains despite this Court recalling its mandate and reassuming jurisdiction.

4

GEO believes ordering a pretrial conference goes beyond the district court's limited role of preserving the status quo. *See Universitas Educ., LLC*, 124 F.4th at 1241. It thus would welcome an order staying further trial court proceedings if this Court intends to take any further action. But if that is not the case, GEO requests this Court issue the mandate under Rule 41 of the Federal Rules of Appellate Procedure. Doing so is essential to GEO both asserting qualified immunity and asking the district court to certify interlocutory appeal of the already-briefed *Yearsley* question.

The Supreme Court's decision is welcome clarity for government contractors. Before the decision, the difference between *Yearsley* and qualified immunity was hazy at best. Contractors like GEO formerly believed that they should proceed under the more specific *Yearsley* doctrine. They now know that qualified immunity is the correct avenue if they want to have the option for immediate appellate review.

Qualified immunity's purpose is to protect defendants "both from liability as well as from the ordinary burdens of litigation." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992). As a result, it can be brought at any point before trial and is only waived in extreme circumstances. *MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1162 (10th Cir. 2007) ("We have consistently held . . . that qualified immunity can be raised at any time and a district court may enter . . . judgment on that ground at any point before trial at which it is appropriate." (citation modified)); *Evans v.*

5

*Fogarty*, 241 Fed. Appx. 542, 550 n.9 (10th Cir. 2007) (denying qualified immunity because a defendant failed to raise the defense before a jury verdict).

GEO intends to assert qualified immunity once this Court issues its mandate. But the district court's rush to a pretrial conference requires GEO to undergo the burdens of litigation while it waits. This is the very harm qualified immunity was designed to avoid. Therefore, issuance of the mandate is appropriate. If the district court denies GEO's request for qualified immunity, GEO will immediately appeal that decision. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Conversely, if the district court grants GEO's qualified immunity motion, Plaintiffs will almost certainly appeal that order.

As noted above, GEO also intends to file a motion for interlocutory appeal under 28 U.S.C. § 1292(b). That motion will ask the district court to permit this Court to decide which side of the 1-3 circuit split it will join regarding the role of discretion in the *Yearsley* doctrine. Deciding that dispositive, purely legal issue before trial meets all the criteria for appeal under Section 1292(b), and GEO anticipates that the district court will grant its motion. The current panel is already familiar with the arguments on this point, with the exception of the Third Circuit's decision in *Gay*, which postdates the parties' earlier briefing and argument. That case does not affect the substance of GEO's argument, though it is another persuasive authority in support of it. Here again, judicial economy favors the

6

original panel retaining jurisdiction to avoid a new group of judges having to acquaint themselves with the *Yearsley* question.

Undersigned counsel spoke with counsel for Plaintiffs-Appellees on April 1, 2026, to solicit Plaintiffs' position on this motion and followed up by email on April 2, 2026.  Plaintiffs were unable to take a position.  GEO must, however, file this motion promptly, so that it can file the above-referenced motions in the district court.

## CONCLUSION

GEO respectfully requests that this Court issue a mandate in the above-captioned matter and that the current panel, which has already reviewed the *Yearsley* briefing and heard oral argument, retain jurisdiction in the interests of judicial economy.

April 2, 2026

Respectfully submitted,

*/s/ Dominic E. Draye*
Dominic E. Draye
GREENBERG TRAURIG, LLP
2375 E. Camelback Road
Phoenix, AZ 85016
(602) 445-8425
drayed@gtlaw.com

*Attorney for Defendant-Appellant*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 2, 2026, a copy of the foregoing brief was filed on CM/ECF and service was thereby electronically delivered to all counsel of record.


April 2, 2026                                  */s/ Dominic E. Draye*
                                               Dominic E. Draye

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the portions of the document exempted by Fed. R. App. 32(f) and L.R. 32(B), this document contains 1,548 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word with Times New Roman in 14-point.

April 2, 2026                                     */s/ Dominic E. Draye*
                                                  Dominic E. Draye

9